UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHANDENG M.                          :
                                     :
v.                                   :        C.A. No. 18-00362-WES
                                     :
NANCY A. BERRYHILL, Acting           :
Commissioner, Social Security        :
Administration                       :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Commissioner's Motion for Voluntary Remand. (ECF Doc. No. 14). Plaintiff does not oppose a remand in principle but filed a response regarding the particulars of the Remand Order. (ECF Doc. No. 15 at p. 1). A hearing was held on March 21, 2019.

### Background

The travel of this case is complicated. This is the second appeal to this Court regarding Plaintiff's applications for Social Security benefits. Plaintiff initially filed his applications on January 17, 2013, alleging disability since September 1, 2012. (Tr. 213, 217). The ALJ denied the applications on September 25, 2014. (Tr. 13-30).

Plaintiff filed subsequent applications for disability benefits on January 28, 2016. (Tr. 461, n.2). Shortly after he filed the new applications, he also filed a timely appeal in this Court regarding the 2014 denial. (See C.A. No. 1:16-cv-00051-JJM-PAS). The subsequent applications were allowed on May 14, 2016, with a finding that Plaintiff had been disabled at all times since September 26, 2014, the day after the prior unfavorable

decision. (Tr. 661-665). On November 1, 2016, the Commissioner filed a Motion for Voluntary Remand of the first District Court appeal (Tr. 562). When the Appeals Council effectuated the Voluntary Remand, it stated the following regarding the subsequent applications: "The Appeals Council neither affirms nor reopens these determinations, which continue to be binding. This means that the determinations will be subject to reopening and revision if additional development indicates that the conditions for reopening are met (20 CFR § 404.987 and 416.1487)[1]." (Tr. 566).

Plaintiff's counsel accurately argued to the ALJ at the remand hearing on July 19, 2017 that the subsequent allowance of benefits could not be reopened and revised without "good cause" because more than one year had passed since they were decided. (Tr. 484-486). On remand, the ALJ re-issued a denial of the initial claims and also reopened and reversed the subsequent allowances, effectively terminating Plaintiff's eligibility for disability benefits. The August 29, 2017 unfavorable decision determined that Plaintiff was not disabled at all times from September 1, 2012 through the decision date. (Tr. 458-474).

Plaintiff filed a timely appeal in the form of Exceptions to the August 29, 2017 unfavorable decision with the Appeals Council. (Tr. 667). He argued the ALJ abused her discretion in order to "punish" Plaintiff for having filed his earlier appeal. Id. He also argued that the "good cause" requirements for reopening the subsequent allowance of benefits had not been met or even addressed by the ALJ in her decision. (Tr. 668).

The Appeals Council responded on May 15, 2018 declining to assume jurisdiction over the case and rejecting Plaintiff's argument that the good cause standard to reopen was

---

[1]    Pursuant to HALLEX Manual § I-1-10-55(F), the Appeals Council Remand Order should have also included the following omitted language: "Unless the determination is reopened and revised in accordance with applicable regulations, the period before the [ALJ] will be limited to that period prior to date of established onset," i.e., September 26, 2014.

not met. (Tr. 451-453). Thus, the August 29, 2017 unfavorable decision became a final administrative decision, and Plaintiff thereafter filed the instant appeal.

In this appeal, Plaintiff argues that the ALJ committed multiple errors including the decision to reopen the subsequent application without finding the necessary "good cause" as defined in 20 C.F.R. §§ 404.989 and 416.1489. (ECF Doc. No. 13-1). The Commissioner concedes in her Motion for Voluntary Remand that the "ALJ improperly reopened the April 2016 determination finding Plaintiff disabled beginning on September 26, 2014." (ECF Doc. No. 14-1 at p. 3). The Commissioner acknowledges that the ALJ failed to mention the good cause requirement for reopening or articulate a good cause finding. Id.

**Discussion**

The parties are in disagreement about two issues regarding the parameters of a remand. First, Plaintiff wants the remand order to foreclose any further reopening of the April 2016 award of benefits. And, second, Plaintiff argues that the case should be remanded solely for the calculation and payment of benefits, rather than further administrative proceedings on the initial applications.

Taking these issues in reverse order, a remand solely to award benefits is rarely granted and conflicts with the principle of judicial deference to administrative determinations. See Seavey v. Barnhart, 276 F.3d 1, 11-12 (1st Cir. 2001) ("ordinarily the court can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award…benefits") (emphasis added). Unless the record is so clear and overwhelming that an award of benefits is mandated, a reviewing Court should ordinarily remand for further administrative proceedings. Id. Plaintiff's argument for remand solely

to award benefits is brief (two paragraphs) and unconvincing. (ECF Doc. No. 14-1 at p. 3). Plaintiff fails to show that the record does not contain any evidentiary conflicts to be resolved, need for further clarification of the ALJ's Step 4 findings or other development of the record. Thus, this is not the "unusual" case where the record mandates only one possible conclusion – the award of benefits.

As to the former issue, I agree with Plaintiff that the remand order should foreclose the ALJ from reopening the April 2016 award of benefits. This is the second appeal to this Court and the Commissioner's second request for remand due to conceded errors. The initial application dates back to 2013 and is still under administrative review. The interests of justice call for a focused remand and a prompt and final adjudication.

The Commissioner concedes that the ALJ did not consider the proper standard to reopen or sufficiently explain her decision to reopen the April 2016 determination. However, she contends that this Court should not foreclose reopening of the 2016 determination on remand in accordance with the applicable regulations because it presents a "factual determination for the agency, not the court." (ECF Doc. No. 14-1 at p. 4). While true, the ALJ was correctly apprised of the applicable standard by Plaintiff's counsel at the remand hearing and failed to undertake the appropriate analysis. Further, although not reviewable here, it also appears that the Appeals Council erred in failing to identify and address this error, despite notice and argument from Plaintiff's counsel. (Tr. 451-454, 667-670).

There is nothing in the record to suggest that the "good cause" standard could be met in this case, and the Commissioner fails to identify any such facts or circumstances. Also, the Commissioner's argument about strict deference to Agency determinations seems at

odds with her regular and appropriate practice of arguing against remand to this Court in cases of "harmless error." The Commissioner often persuasively argues to this Court that it should refrain from ordering pointless remands that could not possibly alter the outcome but makes no such argument here. Such arguments often require the Court to independently review the evidence of record and apply the applicable legal standards to such evidence. While it appears highly unlikely than an ALJ on remand would have sufficient evidence to make a sustainable "good cause" finding necessary to reopen[2], the age and travel of this case dictate that such potential be taken off the table.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 13) be DENIED as moot and the Commissioner's Motion for Voluntary Remand (ECF Doc. No. 14) be GRANTED but subject to the Remand Order foreclosing the reopening of the 2016 award and remanding for further administrative proceedings limited to eligibility from the alleged date of onset, September 1, 2012 through September 25, 2014 – the day prior to the established onset date in the 2016 award. The parties shall confer in good faith and submit a joint proposed Order of Remand in accordance with this recommendation to Chief Judge William E. Smith for his review and consideration.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See

---

[2] The Commissioner acknowledges in her Brief that the two-year time period for reopening the April 2016 SSI determination, even for good cause, has expired (20 C.F.R. § 416.1488(b)) but points out that the four-year time period applicable to the DIB determination has not (20 C.F.R. § 404.988(b)). (ECF Doc. No. 14-1 at p. 4).

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 1, 2019